NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSEM ABULKHAIR,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY et al.,<br><br>Defendants. | Civil Action No.: 10-146 (JLL)<br><br>OPINION |

    Plaintiff seeks to file a Complaint without the prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court grants Plaintiff's application to proceed in forma pauperis. The Court also has reviewed the Complaint and finds that it is substantially similar to a Complaint dismissed *with prejudice* by this Court on December 21, 2009. The present Complaint asserts the same claims against the same defendants as previously dismissed but now adds a new defendant and new state claims. The previously dismissed complaint was dismissed for lack of subject matter jurisdiction as there was no valid federal claim asserted and the parties lacked complete diversity. Nothing about the new additions changes this outcome. This Court lacks subject matter jurisdiction over the new claims for the reasons stated in this Court's December 21 Opinion and Order (see Civil Action No. 09-3419, CM/ECF No. 17), and the previously dismissed claims should not have been re-asserted at all. Therefore, the newly filed Complaint will also be dismissed with prejudice.

    If this were simply a second duplicative action initiated by a pro se litigant, no further

comment or action would be necessary. But, that is not the case here. In the last six months, Plaintiff has filed eight separate actions in forma pauperis ("IFP") in the District of New Jersey, including the present one, related to an automobile accident he had over a decade ago with an uninsured motorist. Seven of these have been dismissed; one IFP application is still pending. In total Plaintiff has filed fifteen actions in the District of New Jersey since 2002, with all but one being filed between June 5, 2006, and the present. These actions are:

| Action No. | Date Filed | Date Terminated | Defendants |
|---|---|---|---|
| 02-1220 | 3/19/2002 | 3/25/2003 | v. Comm'r of the Social Security Admin. |
| 06-2521 | 6/5/06 | 6/9/06 | v. Jay Joseph Friedrich, Esq. |
| 07-3276 | 7/13/07 | 7/30/07 | v. Comm'r of the Social Security Admin. |
| 07-3277 | 7/13/07 | 7/20/07 | v. Comm'r of the Social Security Admin. |
| 08-0028 | 1/2/08 | 2/26/09 | v. Reuben Banks, Ingrid Riggio, Prudential, Michael Kemezis, the Law Offices of John Madden |
| 08-2548 | 5/23/08 | | v. Citibank & Assoc. |
| 08-5410 | 11/3/08 | | v. President George W. Bush, et al. |
| 09-3419 | 7/13/09 | 12/21/09 | v. Liberty Mutual Ins. Co., Karen Kuebler, Esq., and the Law Offices of Linda Baumann, Esq. |
| 09-6054 | 11/25/09 | | v. Prudential, Ingrid Riggio, Michael Kemezis, Esq. |
| 09-6357 | 12/16/09 | 2/8/10 | v. William Smith, Esq., the Law Firm of Hook, Smith & Meyer |
| 09-6489 | 12/28/09 | 2/8/10 | v. Liberty Mutual Ins. Co. |
| 09-6490 | 12/28/09 | 1/11/10 | v. Reuben Banks |
| 10-145 | 1/7/10 | 2/8/10 | v. Liberty Mutual Ins. Co. |

| 10-146 | 1/7/10 | this action | v. Liberty Mutual Ins. Co., Ada Priddy, Adjuster, Karen Kuebler, Esq., and the Law Offices of Linda Baumann, Esq. |
| --- | --- | --- | --- |
| 10-243 | 1/15/10 | 1/15/10 | v. Reuben Banks |

Of these fifteen actions, ten are related to the automobile accident and the various legal actions arising out of the accident and Plaintiff's claims against the motorist and others. In other words, these actions arise out of the same core set of operative facts. All were filed IFP.

Plaintiff clearly was not satisfied with the coverage offered him from the insurance companies. As a result, he brought various state court actions related to the accident. He appears to also not be satisfied with the outcome of the state actions. Thus, beginning in 2006, he began filing suit in federal court against Mr. Banks, the uninsured motorist, various insurance companies and their employees and attorneys, and various attorneys who represented him. All of these actions, except one where the IFP application is still pending, were dismissed either for failure to state a claim, for lack of subject matter jurisdiction, or for improper removal. Eight of these actions were filed in the last six months.

District courts may issue injunctions requiring litigants filing repetitive and duplicative actions to request leave of the court prior to filing actions in which "the pleadings raise issues identical or similar to those that have already been adjudicated." In the Matter of Packer Ave. Assoc., 884 F.2d 745, 746 (3d Cir. 1989). Such injunctions "must be narrowly tailored and sparingly used." Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990). This Court finds that, especially in light of his filing of eight actions related to this accident in the last six months, five having been filed since December 21, 2009, restraints are necessary. However, because

Page 3 of 4

Plaintiff has filed a legitimate social security appeal and has filed two other actions unrelated to the automobile accident which have not been dismissed, this Court finds that a restriction related only to matters involving the automobile accident is appropriate. Such a narrowly tailored restriction is designed to balance Plaintiff's constitutional access to the courts with the Court's interest in curbing Plaintiff's numerous frivolous filings related to the automobile accident.

Therefore, this Court gives notice to Plaintiff of its intention to Order the following restraint on future filings:

> Assem Abulkhair shall not file any action related to his accident involving an uninsured motorist, his insurance coverage related to the accident, or his representation related to the accident without first certifying: (1) that this court has jurisdiction over the claims–by either stating a federal claim, not merely listing federal statutes, or by alleging facts regarding the state residency of all parties which demonstrate that complete diversity exists, (2) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (3) that he believes the facts alleged in his complaint to be true, and (4) that he knows of no reason to believe his claims are foreclosed by controlling law or prior decisions of this or another court. Failure to so certify any complaint filed in the future or filing of a false certification will be grounds for denial of the application to file and may subject Mr. Abulkhair to a contempt proceeding and appropriate sanctions. Finally, any future filing subject to this restriction shall be captioned: "Application Pursuant to Court Order Seeking Leave to File."

Plaintiff shall have the opportunity to respond, in writing, to show cause why such a restriction should not be imposed against him.

For the foregoing reasons, this Court grants Plaintiff's IFP application, but dismisses the Complaint for lack of subject matter jurisdiction. The Court also gives notice to Plaintiff that restrictions on his future filings shall be ordered unless, in writing, he shows cause why such restrictions should not be imposed.

Dated: February 8, 2010

José L. Linares
United States District Judge